IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MOLLIE F. RYNESS,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. CIV S-08-2323 WBS DAD

FINDINGS & RECOMMENDATIONS

This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's counter-motion to dismiss for lack of jurisdiction. For the reasons explained below, the undersigned recommends that defendant's motion be granted, plaintiff's motion be denied, and this case be dismissed.

**PROCEDURAL BACKGROUND**

On April 22, 2004, plaintiff Mollie Frances Ryness filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act) alleging disability since March 1, 1996. (Transcript (Tr.) at 61-63, 72-74.) In the April 22, 2004 application, plaintiff indicated that she had not filed any prior application. (Tr. at 61, 72-82.) Plaintiff identified a back injury suffered at work on April 16, 1992, as the illness, injury, or

1

1   condition that limited her ability to work, and she alleged that she became unable to work on
2   March 1, 1996.  (Tr. at 75, 79.)  On July 12, 2004, the agency denied plaintiff's application,
3   finding that her back injury and strain, diabetes, high cholesterol, and kidney problems were not
4   disabling conditions on any date through December 31, 2001, her date last insured for benefits.
5   (Tr. at 40, 43-46.)  The notice of denial included information about the right to appeal, including
6   the procedure, the availability of help, and the 60-day time limit for seeking reconsideration of
7   the agency's decision.  (Tr. at 45-46.)  Plaintiff, who was not represented at that time, did not
8   appeal the denial.  (Tr. at 19.)

9            On August 29, 2005, plaintiff filed a second application for DIB, again alleging a
10  March 1, 1996 disability onset date.  (Tr. at 64-68, 90-100.)  In September 2005, plaintiff
11  obtained representation by a non-attorney representative.  (Tr. at 47.)  Plaintiff's application was
12  denied by the agency on October 21, 2005.  (Tr. at 41, 49-53.)  Plaintiff's representative filed a
13  request for reconsideration on October 25, 2005.  (Tr. at 54.)  On January 12, 2006, the agency
14  issued a notice of disapproved claim stating that plaintiff's claim concerned the same issues
15  decided when her earlier claim was denied and that the new claim and the record showed that the
16  facts were unchanged through her date last insured.  (Tr. at 42, 56-59.)

17           On February 14, 2006, plaintiff's representative filed a request for hearing.  (Tr. at
18  60.)  The request was dismissed by an administrative law judge (ALJ) on February 21, 2008, on
19  the ground that there was no basis for reopening the July 2004 adverse determination.  (Tr. at 15-
20  23.)  The ALJ determined that plaintiff had not provided new and material evidence that
21  warranted reopening and that the evidence in the record did not show that plaintiff lacked the
22  mental capacity to timely appeal the prior determination.  (Tr. at 18-19.)  On August 5, 2008, the
23  Appeals Council denied plaintiff's request for review.  (Tr. at 4-5, 8-10.)  Plaintiff obtained
24  counsel and sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this
25  action on September 29, 2008.
26  /////

**LEGAL STANDARD**

The Commissioner's decision will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A court reviewing an ALJ's decision must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

**APPLICATION**

I. The Parties' Arguments

In her motion for summary judgment, plaintiff seeks review of the hearing decision issued by the ALJ on February 21, 2008. Plaintiff contends that the ALJ's findings and conclusions are not supported by substantial evidence and that the ALJ did not employ the correct legal standards in determining the ultimate issues.

Plaintiff argues that the ALJ erred at every step of the five-step sequential evaluation process. Plaintiff contends that (1) at step one, the ALJ failed to fully develop the

3

record regarding a purported protective filing in 1996; (2) at step two, the ALJ erred by failing to consider plaintiff's genitourinary surgeries a severe impairment until resolved on satisfactory healing; (3) at step three, the ALJ erred by failing to find that plaintiff's combination of impairments equaled the genitourinary listings for a period of time, by failing to develop the record as to the functional limitations caused by plaintiff's incontinence, and by finding plaintiff capable of performing the full range of light work from March 1, 1996, to December 1, 2001; (4) at step four, the ALJ erred by finding that plaintiff had the residual functional capacity to perform past work that was erroneously considered as past relevant work; and (5) at step five, the ALJ applied the grids despite plaintiff's non-exertional impairment of stress incontinence.  (Pl.'s Mot. for Summ. J. at 7-11.)

Plaintiff requests that the court remand this case for payment of benefits from March 1, 1996 to the present or, in the alternative, that the court remand the case for rehearing on the issues raised in plaintiff's motion.

In his counter-motion, the defendant Commissioner seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant argues that the ALJ dismissed plaintiff's hearing request on the ground that there was no basis for reopening the prior July 2004 adverse determination, which was res judicata, and the court lacks subject matter jurisdiction to review the discretionary decision not to reopen plaintiff's 2004 application for disability benefits.

The undersigned turns first to defendant's challenge to the court's jurisdiction.

II. Standards Applicable to a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise, by motion, the defense that the court lacks jurisdiction over the subject matter of a claim.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs., 594 F.2d 730, 733 (9th Cir. 1979).  In the latter

instance, no presumption of truthfulness attaches to the plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

III. Analysis

The United States cannot be sued at all without the consent of Congress. Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands, 461 U.S. 273, 287 (1983); Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009). Similarly, no federal agency can be sued unless Congress has explicitly revoked that agency's immunity. Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 343 (9th Cir. 1993); City of Whittier v. U.S. Dep't of Justice, 598 F.2d 561, 562 (9th Cir. 1979). Put another way, no court can award relief against the United States or a federal agency unless the requested relief is expressly and unequivocally authorized by federal statute. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); United States v. King, 395 U.S. 1, 4 (1969) (citing United States v. Sherwood, 312 U.S. 584, 586-87 (1941)); Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995).

Absent a waiver of sovereign immunity, a claim against the United States or a federal agency must be dismissed for lack of subject matter jurisdiction. Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). If conditions are attached to legislation that waives the sovereign immunity of the United States, the conditions must be strictly observed by the courts, and exceptions are not to be readily implied. Block, 461 U.S. at 287. See also Cato, 70 F.3d at 1107 ("The terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.").

Section § 405(g) of Title 42 provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . .

5

may obtain a review of such decision by a civil action."  An ALJ's determination that a plaintiff's request for hearing is barred by res judicata and the consequent dismissal of the request are not final decisions of the Commissioner made after a hearing.  Califano v. Sanders, 430 U.S. 99, 108 (1977) (holding that, because a petition to reopen a final decision may be denied without a hearing, it is not a final decision for purposes of § 405(g)); Udd v. Massanari, 245 F.3d 1096, 1098-99 (9th Cir. 2001) ("A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review."); Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985) (holding that district courts "have no jurisdiction to review a refusal to re-open a claim for disability benefits or a determination that such a claim is res judicata"); Davis v. Schweiker, 665 F.2d 934, 935 (9th Cir. 1982) (holding that refusals to reopen and determinations that a claim is barred by res judicata are not reviewable).

        Nonetheless, "[t]he doctrine of res judicata should not be applied rigidly in administrative proceedings."  Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988) (citing Lyle v. Sec'y of Health & Human Servs., 700 F.2d 566, 568 n.2 (9th Cir. 1983)).  Enforcement of administrative res judicata "must be tempered by fairness and equity," and the doctrine should be qualified or rejected when its "'application would contravene an overriding public policy or result in manifest injustice.'"  Thompson v. Schweiker, 665 F.2d 936, 940-41 (9th Cir. 1982) (quoting Tipler v. E. I. duPont deNemours & Co., 443 F.2d 125, 128 (6th Cir. 1971)).  "Fairness in the administrative process is more important than finality of administrative judgments."  Thompson, 665 F.2d at 941.  Where the policies of fairness and finality conflict, application of res judicata principles is inappropriate.  Id.

        Plaintiff does not argue for the application of any of the limited number of exceptions to the general rule that a decision not to re-open based on res judicata grounds cannot be reviewed by a district court.  Nor does the undersigned find that any of the arguably applicable exceptions can appropriately be applied in this case.  First, there is no indication that the ALJ in

2008 implicitly reopened plaintiff's prior application and considered it on the merits. See Krumpelman, 767 F.2d at 588-89 (concluding that the Commissioner's consideration of res judicata is not a reopening of the prior claim). Nor has plaintiff presented a colorable constitutional claim. Cf. Rolen v. Barnhart, 273 F.3d 1189, 1191 (9th Cir. 2001) (finding that the plaintiff presented a colorable constitutional claim where he "claim[ed] that he lost benefits because he was denied due process, and cite[d] arguably relevant caselaw in support of his due process claim"). While it is undisputed here that plaintiff had no attorney or other representative when her first application for benefits was denied, plaintiff's representative during the proceedings on her second application failed to demonstrate to the ALJ that plaintiff suffered from any impairment that prevented her from seeking reconsideration of the adverse benefits determination on her first claim. (Tr. at 19.) See McDonald v. Barnhart, No. C 01-03738 WHA, 2002 WL 31663233, at *3 (N.D. Cal. Nov. 19, 2002) (because the Commissioner did not re-open an old claim an consider it on the merits, the decision based on administrative res judicata grounds was not reviewable by the court). While res judicata should not be applied if "manifest injustice" would result, see Krumpelman, 767 F.2d at 588, plaintiff has not shown that manifest injustice would result from the application of res judicata here.

## CONCLUSION

The undersigned concludes that the ALJ did not err in finding that principles of administrative finality barred consideration of plaintiff's second application for disability insurance benefits alleging a disability onset date of March 1, 1996.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 20, 2009 motion for summary judgment (Doc. No. 29) be denied;

2. Defendant's November 19, 2009 motion to dismiss for lack of subject matter jurisdiction (Doc. No. 30) be granted; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven (7)** days after these findings and recommendations are filed, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed within seven days after the objections are filed.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/ryness2323.f&r.mtd